## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | | |
|---|---|---|
| **ALASIA R. FLETCHER,** | ) | **Civil Action No. 7:21cv00231** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **WARDEN MARIA LEFEVERS,** | ) | **By: Michael F. Urbanski** |
| **Defendant.** | ) | **Chief United States District Judge** |

## MEMORANDUM OPINION

Plaintiff Alasia R. Fletcher, a Virginia inmate proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983. In a prior order, the court advised her that her complaint failed to state a claim, in part because it failed to name a proper defendant. The court further directed her to file an amended complaint, which she has now done.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean, however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Fletcher's amended complaint, the court concludes that it must be dismissed because the facts alleged fail to state a valid federal claim. The dismissal will be without prejudice as to Fletcher's

failure-to-protect claim, however, and Fletcher will be given twenty-one days to file a second amended complaint containing only that claim. All other claims will be dismissed with prejudice.

## I. BACKGROUND

The amended complaint lists three "claims," but they are not titled, nor does the document otherwise indicate what constitutional or federal rights that Fletcher believes defendant has violated. In her first claim, Fletcher alleges that on July 31 of an unspecified year, Warden LeFevers "placed a keep separate on E. Miller" and plaintiff. She contends that this was improper because she and Miller do not fit the criteria to be kept separate, and she also complains that LeFevers did not "follow proper protocol and abused her authority." In particular, Fletcher contends that they were not given an "ICA hearing," which she claims is mandatory. Am. Compl. 3, ECF No. 9.

Included in Fletcher's "second" claim, but apparently related to the first, are allegations that LeFevers promised multiple times to remove the keep-separate order, conditioning the removal on certain actions by Fletcher and Miller. But even when they complied with the demands, LeFevers did not remove the order. Am. Compl. 3. The second claim also alleges that, on an unspecified occasion, LeFevers "began to be sarcastic, laughing at [Fletcher ]and mocking [Fletcher] being a bully," which "caused [Fletcher] to self-harm and slit [her] throat." *Id.*

In her third claim, Fletcher alleges that she was "denied the opportunity to work" because she is "a part of the LGBT community and [has] this keep separate with E. Miller." She also says that "every keep separate with people having the same issue has been removed but ours," and that she has been "discriminated against and it's unfair." She also makes a vague allegation that LeFevers "has put [Fletcher] in danger giving over information that could have killed me." Compl. 4. Earlier in the complaint, she also states that defendant's

failure to follow the proper protocol "caus[ed] Fletcher to be placed in danger multiple times in a result of getting stabbed twice [sic]." Compl. 3.

## II. DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted). Fletcher does not indicate what constitutional rights she believes LeFevers violated, but regardless, she has failed to state facts giving rise to a constitutional violation. Thus, her complaint fails to state a § 1983 claim.

### A.      The Keep-Separate Order and Due Process Claims

First of all, the keep-separate order itself does not give rise to a constitutional violation, even if proper protocol was not followed in imposing it. Prisoners have no constitutional right "to be housed in a particular institution, at a particular custody level, or in a particular portion or unit of a correctional institution." *Pevia v. Hogan*, 443 F. Supp. 3d 612,  (D. Md. 2020) (collecting authority). Accordingly, being denied the ability to be housed near or in contact with another particular prisoner does not violate plaintiff's federal rights. *See Turner v. Safley*, 482 U.S. 78, 89-91 (upholding prison prohibition on inmate-to-inmate correspondence). Fletcher fails to allege the reason why she and Miller were given a keep-separate order (or the reason purportedly given by defendant) and she alleges that she should have been given an ICA hearing. But she does not allege that she suffered the loss of any cognizable liberty or property interest as a result of the keep-separate order. She states that

she lost her prison employment, but prisoners have no liberty or property interest in employment while in prison. *Robles v. Sturdinvant*, No. 7:14-cv-00070, 2014 WL 4853409, at * 1 (W.D. Va. Mar. 27, 2014) ("[I]nmates have no independent constitutional right to a prison job and as such, prison officials may generally terminate an inmate from a particular prison job for any reason without offending federal due process principles."); *Patel v. Moron*, 897 F. Supp. 2d 389, 400 (E.D.N.C. 2012) ("[I]nmates do not have a constitutional right to a prison job, and in turn, the deprivation of a prison job states no independent constitutional claim."). Thus, Fletcher fails to state a due process violation.

## B.    Eighth Amendment Claim

To the extent that Fletcher's complaint could be construed as asserting a claim under the Eighth Amendment, such a claim requires—at a minimum—either a "nontrivial" use of force, *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010), or a showing of prison conditions that demonstrate a "significant physical or emotional harm, or a grave risk of such harm," *Shakka v. Smith*, 71 F.3d 162, 166 (4th Cir. 1995). There is no allegation of force here, trivial or otherwise. Verbal harassment alone, while clearly unprofessional, does not violate the Eighth Amendment. *Henslee v. Lewis*, 153 F. App'x 179, 179 (4th Cir. 2005) ("Mere threats or verbal abuse by prison officials, without more, do not state a cognizable claim under § 1983."); *Morva v. Johnson*, No. 7:09-cv-00515, 2011 WL 3420650, at *7 (W.D. Va. Aug. 4, 2011) (collecting authority for the proposition that "[v]erbal harassment or idle threats to an inmate, even to an extent that it causes an inmate fear or emotional anxiety," do not give rise to a due process violation or an Eighth Amendment violation). Fletcher claims that LeFevers' verbal harassment caused her to self-harm, but as noted by another court faced with similar allegations, plaintiff's physical injuries are self-inflicted and cannot support an

Eighth Amendment excessive-force claim. *Nanez v. Creswell*, No. 317CV05923RJBDWC, 2018 WL 3432830, at *2 (W.D. Wash. June 26, 2018) (recommending of dismissal of plaintiff's Eighth Amendment claim, which alleged that defendant's verbal abuse "triggered him into self-harm"), *report and recommendation adopted,* No. 317CV05923RJBDWC, 2018 WL 3427843 (W.D. Wash. July 16, 2018). Furthermore, Fletcher has not alleged that LeFevers knew or should have known that she was at any risk for self-harm, or that Fletcher's conduct was deliberately indifferent toward that risk. Thus, Fletcher fails to state a constitutional violation based on any of the alleged verbal harassment or bullying by LeFevers.

The only other possible basis for an Eighth Amendment claim is the general allegation that LeFevers caused Fletcher "to be placed in danger multiple times in a result of getting stabbed twice. [sic]" Compl. 3. Without more, though, such an allegation does not state a valid failure-to-protect claim. Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotation marks and citation omitted). A prisoner who alleges deliberate indifference under the Eighth Amendment arising from failure to protect must satisfy two requirements, an objective component and a subjective component. *Id.* at 834. "First, the deprivation alleged must be, objectively, sufficiently serious," (objective component) and second, "the prison official must have a sufficiently culpable state of mind" (subjective component). *Id.* (quotation marks and citation omitted).

To satisfy the objective component, a prisoner must establish an "extreme deprivation," *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003), which requires the prisoner to "allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of such serious harm resulting from

5

the prisoner's exposure to the challenged conditions." *Odom v. S.C. Dep't of Corr.*, 349 F.3d 765, 770 (4th Cir. 2003). To establish the subjective component, a prisoner must show that the prison official acted with "deliberate indifference," which entails "something more than mere negligence," but "is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer*, 511 U.S. at 834–35. Deliberate indifference "requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." *De'Lonta*, 330 F.3d at 634.

An inmate may prove deliberate indifference through direct or circumstantial evidence, and "[d]irect evidence of actual knowledge is not required." *Makdessi v. Fields*, 789 F.3d 126, 133 (4th Cir. 2015). The plaintiff may satisfy the deliberate indifference element with evidence that the challenged circumstances created a "substantial risk" of harm that "was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it." *Id.* Even without direct evidence, "an injury might be so obvious that the factfinder could conclude that the [official] did know of it because he could not have failed to know of it." *Id.*

Fletcher's conclusory allegations are insufficient to plead such a claim. Although getting stabbed likely would qualify as a "serious or significant physical or emotional injury," Fletcher's assertion that LeFevers caused her to be placed in danger and stabbed twice contains no references to dates or times or any description as to what precisely LeFevers did that "caused" Fletcher to be placed in danger. Similarly, Fletcher alleges that LeFevers put her in danger by "giving" unspecified "information," but provides no detail as to what the information was, to whom it was given, or how it created a dangerous situation for her.

Moreover, Fletcher fails to allege *any* facts to show that LeFevers actually knew of and disregarded the fact that her actions would place Fletcher in danger. In short, Fletcher has failed to allege any *facts* to support a failure-to-protect claim.

### C. Equal Protection Claim

Lastly, the complaint also refers to Fletcher's being "discriminated" against as a result of being part of the "LGBT community," and thus could be construed as advancing a claim that her Fourteenth Amendment rights pursuant to the Equal Protection Clause, have been violated. But the facts alleged fail to state an Equal Protection violation.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause thus directs that "all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1982).

To prove an equal protection claim, a litigant "must first demonstrate that he has been treated differently from others with whom he is similarly situated." *Veney v. Wyche,* 293 F.3d 726, 730 (4th Cir. 2002) (quoting *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir. 2001)). Two groups of persons are "similarly situated" only if they "are similar in all aspects relevant to attaining the legitimate objectives" of the policy or legislation. *Van Der Linde Housing, Inc. v. Rivanna Solid Waste Auth.*, 507 F.3d 290, 293 (4th Cir. 2007). Once such a showing is made, then the court will determine "whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney*, 293 F.3d at 731 (quoting *Morrison*, 239 F.3d at 654).

Without more factual detail, it is impossible to analyze fully Fletcher's Equal

Protection Claim, but it is clear that her amended complaint does not state a valid claim.

Fletcher alleges that she has been discriminated against as a result of being part of the

"LGBT community," but does not offer any difference in treatment except that she and

Miller were ordered to be kept apart, while other prisoners were not. She does not identify

others similarly situated nor provide any detail as to the basis for the keep-apart order. She

has thus failed to provide plausible allegations to show that any equal protection violation

occurred.

Moreover, to the extent that she is alleging that she is treated differently in terms of

who she can be housed with because of her sexual orientation,[1] housing assignments in

prisons that take into account sexual orientation have previously been upheld by the Fourth

Circuit in this very context. *Veney*, 293 F.3d at 735 (concluding that prison policy that

determined cell assignments based on sexual orientation did not violate the Equal Protection

Clause); *see also Jones v. Union Cty. Sheriff's Office*, No. 3:18-CV-509-KDB-DCK, 2019 WL

7708935, at *8 (W.D.N.C. Sept. 23, 2019), *report and recommendation adopted,* No.

318CV00509KDBDCK, 2019 WL 5692753 (W.D.N.C. Nov. 4, 2019) (relying on *Veney* to

dismiss Equal Protection claim of individual who claimed discrimination in cell assignments

on the basis of gender identity); *Scruggs v. Alexandria Sheriff Dep't Detention*, No. 2:06CV284,

2006 WL 4586791, at *2 (E.D. Va. Aug. 23, 2006) (relying on *Veney* to conclude that

---

[1] Fletcher does not expressly state that she and Miller were separated because they had a romantic or sexual relationship, but she also fails to state what reason was given for their keep-separate order.

requiring homosexual inmates to be housed in single cells did not violate the Equal Protection Clause), *aff'd,* 215 F. App'x 254 (4th Cir. 2007).[2]

## III. CONCLUSION

For the foregoing reasons, Fletcher's complaint will be dismissed. Because the court concludes that most of her claims cannot be made viable even with additional factual matter, the court will dismiss those claims with prejudice. With regard to her failure to protect claim, however, the court concludes that she may be able to state a claim for relief with additional factual allegations. Accordingly, that claim will be dismissed without prejudice and the court will give Fletcher twenty-one days to file a second amended complaint, if she so chooses, that contains only a failure-to-protect claim. If she chooses not to file a second amended complaint, then the case will be dismissed without prejudice.

It is so **ORDERED**.

Entered: July 14, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.07.14 00:19:49
-04'00'

Michael F. Urbanski
Chief United States District Judge

---

[2] To the extent that any of Fletcher's factual allegations can be interpreted as attempting to assert a state-law claim, the court declines to exercise jurisdiction over any such claim, given the dismissal of her federal claims. *See* 28 U.S.C. § 1367(c)(3).