IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ALASIA ROCHELLE FLETCHER, ) | |
|     Plaintiff, ) | Civil Action No. 7:21-cv-00231 |
| ) | |
| v. ) | |
| ) | By: Michael F. Urbanski |
| WARDEN MARIA LEFEVERS, ) | Chief United States District Judge |
|     Defendant. ) | |

### MEMORANDUM OPINION

Alasia Roshelle Fletcher, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. In a prior order, the court dismissed all of Fletcher's claims with prejudice except for her failure-to-protect claim under the Eighth Amendment. The court dismissed the failure-to-protect claim without prejudice and permitted her to file a second amended complaint "asserting only that claim." Order, ECF. No. 11. Fletcher's second amended complaint is presently before the court for review under 28 U.S.C. § 1915A. For the following reasons, the court concludes that it must be dismissed for failure to state a claim upon which relief may be granted.

### I.  Background

Fletcher is incarcerated at Fluvanna Correctional Center for Women. 2d Am. Compl., ECF No. 12, at 1. She alleges that on July 31, 2020, Warden Maria LeFevers "abused her authority" by making Fletcher "keep separate" from another inmate, E. Miller. Id. at 1–2. Fletcher asserts, without further elaboration, that the "keep separate" order resulted in her being "forced to live in buildings that caused [her] serious harm." Id. at 3.

## II.     Standard of Review

The court is required to review a complaint in a civil action in which an inmate seeks redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, the court must dismiss a complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted." Id. § 1915A(b)(1). To survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III.     Discussion

Section 1983 imposes liability on any person who, under color of state law, deprives another person "of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983[,] a plaintiff 'must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law.'" Loftus v. Bobzien, 848 F.3d 278, 284–85 (4th Cir. 2017) (quoting Crosby v. City of Gastonia, 635 F.3d 634, 639 (4th Cir. 2011)). The plaintiff must also show "that the official charged acted personally in the deprivation of the plaintiff['s] rights." Wilcox v. Brown, 877 F.3d 161, 170 (4th Cir. 2017).

The court previously construed Fletcher's amended complaint to allege a violation of the Eighth Amendment. Under the Eighth Amendment, prison officials "have a duty to protect inmates from a substantial and known risk of harm, including harm inflicted by other

2

prisoners." Cox v. Quinn, 828 F.3d 227, 239 (4th Cir. 20160 (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)). To state a failure-to-protect claim under the Eighth Amendment, an inmate must allege facts sufficient to satisfy two elements. First, the inmate must establish that she suffered "a serious deprivation of [her] rights in the form of a 'serious or significant physical or emotional injury.'" Danser v. Stansberry, 772 F.3d 340, 346 (4th Cir. 2014) (quoting Brown v. N.C. Dep't of Corr., 612 F.3d 720, 723 (4th Cir. 2010)). Second, the inmate must show that the defendant had a "sufficiently culpable state of mind," which, in this context, means that the defendant acted with "deliberate indifference to inmate health or safety." Id. at 346–47 (quoting Farmer, 511 U.S. at 834).

Deliberate indifference is "a very high standard" that cannot be met by a showing of "mere negligence." Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999). "A plaintiff establishes 'deliberate indifference' by showing that the prison official 'kn[ew] of and disregard[ed] an excessive risk to inmate health or safety.'" Danser, 772 F.3d at 346 (alterations in original) (quoting Farmer, 511 U.S. at 837). Importantly, "the official 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [the official] must also draw the inference.'" Id. (quoting Farmer, 511 U.S. at 837). "It not enough that [the official] should have recognized it"; the official "actually must have perceived the risk." Parrish v. Cleveland, 372 F.3d 294, 303 (4th Cir. 2004). "Thus, 'an official's failure to alleviate a significant risk that [the official] should have perceived but did not' will not give rise to a claim under the Eighth Amendment." Danser, 772 F.3d at 347 (quoting Farmer, 511 U.S. at 838).

The conclusory allegations in Fletcher's second amended complaint, like those in the previous pleading, are insufficient to plead an Eighth Amendment claim. Even assuming that Fletcher suffered serious harm as a result of being housed separately from Miller, she does not allege any facts from which the court can reasonably infer that Warden LeFevers actually knew of and disregarded an excessive risk to her health or safety. Because Fletcher does not plausibly allege that Warden LeFevers acted with deliberate indifference, her second amended complaint fails to state a claim under the Eighth Amendment.

### IV. Conclusion

For the foregoing reasons, the court concludes that the second amended complaint fails to state a claim upon which relief may be granted.* Therefore, the court will dismiss the action with prejudice under 28 U.S.C. § 1915A(b)(1). An appropriate order will be entered.

Entered: July 8, 2022

Michael F. Urbanski
Chief United States District Judge

Digitally signed by Michael F. Urbanski Chief U.S. District Judge
Date: 2022.07.08 15:18:27 -04'00'

---

\* To the extent that the second amended complaint reasserts other claims that were previously dismissed with prejudice, the court remains convinced that those claims are subject to dismissal for the reasons set forth in the court's previous opinion.